USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07-16-08

United States District Court
Southern District of New York

---

UNITED STATES OF AMERICA,

    - against -

ANTONIO JIMENEZ,

    Defendant.

04 Cr. 329 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The defendant has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in view of the fact that the United States Sentencing Guidelines for offenses involving crack cocaine have been reduced by two levels and the Sentencing Commission has determined that, effective March 3, 2008, the revised Guidelines may be applied to defendants who had been sentenced under the higher Guidelines. See § 1B1.10.

The defendant was sentenced by this Court on July 28, 2005 principally to 70 months imprisonment. This was based on an Offense Level of 32 under § 2D1.1 of the Guidelines for the amount of crack cocaine involved in the offense, a three-level reduction for acceptance of responsibility under § 3E1.1, and a two-level reduction under §§ 2D1.1(b)(7) and 5C1.2 for the "safety valve," producing an Offense Level of 27, a Criminal History Category of I, and a Guideline Sentencing Range of 70 to 87 months. After applying the factors in 18 U.S.C. § 3553(a),



the Court imposed a sentence principally of 70 months imprisonment. In view of the two level decrease in the Offense Level for crack cocaine under § 2D1.1, the defendant's Offense Level would now be 25, the Criminal History Category would remain I, and the defendant's Guideline Sentencing Range would be 57 to 71 months.

The defendant argues that the decisions of the Supreme Court in United States v. Booker, 543 U.S. 220 (2005), and Kimbrough v. United States, 128 S.Ct. 558 (2007), apply to a sentencing reduction under § 3582(c)(2). However, any reduction under this section must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement is § 1B.10 of the Guidelines, which provides that a district court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B.10(b)(2)(A); see also U.S.S.G. § 1B.10(a)(3) ("[P]roceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.")

Therefore, Booker and Kimbrough do not apply to sentence reductions under § 3582(c)(2), and the Court cannot reduce the defendant's sentence below the amended guideline range of 57 to 71 months. See, e.g., United States v. Osuna, No. CR-02-1327,

2008 WL 1836943 (E.D.N.Y. Apr. 22, 2008) (collecting cases); Montes v. United States, No. 07 Civ. 9869, 2008 WL 906079, at *2 (S.D.N.Y. Apr. 3, 2008); cf. Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (per curiam) (Booker is not a valid basis for a motion pursuant to § 3582(c)(2)). But see United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007).

Applying the factors under 18 U.S.C. § 3553(a), as the Court did at the time of sentencing, and as required by 18 U.S.C. § 3582(c)(2), the Court finds that a sentence of 57 months imprisonment is the reasonable and appropriate sentence. The Government does not oppose a reduction in the defendant's sentence to 57 months imprisonment.

Therefore, the Court will enter an order reducing the defendant's sentence of imprisonment to 57 months. All other terms of the Judgment of Conviction will remain unchanged.

**SO ORDERED.**

**Dated:** New York, New York
July 15, 2008

_____
John G. Koeltl
United States District Judge